IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL COON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO MODIFY OR TERMINATE SUPERVISED RELEASE CONDITIONS**<br><br>Case No.  2:19-cr-00104-CW<br><br>Judge Clark Waddoups |

Before the court is Defendant Michael Coon's pro se motion to modify or terminate supervised release conditions. (ECF No. 30.) Mr. Coon's motion argues that his sentence to supervised release violates the Constitution's double jeopardy clause.

Mr. Coon's motion purports to be brought pursuant to 18 U.S.C. § 3583(e)(2) and Rule 32.1(c) of the federal rules of criminal procedure. The motion, however, seeks relief that is not available under either Section 3583(e) or Rule 32.1(c)—setting aside his sentence to supervised release following his term of imprisonment.

Determining that the relief sought by Mr. Coon's motion could only be granted pursuant to 28 U.S.C. § 2255, the court gave Mr. Coon notice, on March 14, 2023, that it intended to recharacterize his motion as a motion seeking relief pursuant to Section 2255(a) and provided him with an opportunity to withdraw his motion if he did not wish for it to be recharacterized, or file an amended motion to add additional grounds for relief under Section 2255(a). (ECF No. 37.) Mr. Coon did not respond within the time set forth in the notice. Accordingly, the court recharacterizes

Mr. Coon's motion as one brought pursuant to Section 2255 and will proceed to rule on it in accordance with the principles set forth in that statute and its related rules and precedents.

For the reasons stated herein, the court will dismiss Mr. Coon's motion.

## Background

On April 15, 2019, Mr. Coon pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. 2252A(a)(5). (ECF Nos. 10 & 11.) He was later sentenced, on November 5, 2019, to 120 months in BOP custody and fifteen years of supervised release. (ECF. No. 26.) That sentence was recorded in a judgment issued by the court, and entered on the docket, on November 19, 2019. (ECF No. 27.)

On December 5, 2022, more than three years after the judgment of conviction in this case was entered against him, Mr. Coon filed the current motion, which he entitled "Motion to Modify or Terminate Supervise [sic] Release Conditions as Unconstitutional as Applied Pursuant to 18§3583(e)(2) and Fed.R.Crim.P.32.1(c)." (ECF No. 30.) The motion contends that Mr. Coon's sentence to supervised release violates the Constitution's double jeopardy clause, arguing more specifically that "supervised release is additional punishment involving numerous prosecutions for the original sentence (offense)." (*Id*. at 7.)

## Analysis

Mr. Coon's motion purports to be brought pursuant to 18 U.S.C. § 3583(e)(2) and Rule 32.1(c) of the Federal Rules of Criminal Procedure.

Section 3583(e)(2) provides, in relevant part, that the court may "extend a term of supervised release if less than the maximum authorized term was previously imposed" and "may modify, reduce or enlarge conditions of supervised release, at any time prior to the expiration or

termination of the term of supervised release." Rule 32.1(c) requires that, except in limited circumstances not relevant to the current motion, the court hold a hearing when considering a motion to modify the conditions of supervised release where the defendant is represented by counsel and allow the defendant an opportunity to make a statements and present information in mitigation before modifying the conditions of probation or supervised release. Rule 32.1(c) does not provide the court with independent authority to modify or, as Mr. Coon requests, terminate supervised release; instead, it merely sets forth the procedures that must be followed when considering a motion to modify.

Contrary to statements in Mr. Coon's motion, neither Section 3583(e)(2) nor Rule 32.1(c) specifically allow a defendant to "challenge the legality or validity of the conditions of supervised release." (ECF No. 30 at 2.) And courts that have considered the issue have held that "illegality is not a proper ground for modification" under Section 3583(e)(2). *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). *See also United States v. Thomas*, Case No. 22-1149, 2023 WL 1872585 at *4 (10th Cir. Feb. 10, 2023) (unpublished) (defendant not permitted to challenge the legality of supervised release conditions imposed at original sentencing through a motion to modify conditions); *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999) ("[A] district court does not have the authority under 18 U.S.C. § 3583(e)(2) to modify a restitution order on the ground of illegality."); *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997) (Section 3583(e)(2) "does not authorize the court to assess the lawfulness of a condition of release").

Instead, a defendant seeking to challenge the legality of a condition of supervised release must do so on direct appeal or through a collateral attack pursuant to 28 U.S.C. § 2255. *See Gross*, 307 F.3d at 1044 ("Congress, by enacting the Sentencing Reform Act of 1984, limited the manner

3

in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within seven days of the district court's decision, Rule 35(c) motion."); *Lussier*, 104 F.3d at 35 ("Other procedures, such as a direct appeal under 18 U.S.C. § 3742 or a collateral attack under 28 U.S.C. § 2255, are available to challenge the legality of a condition of supervised release, as long as the requirements of those procedures have been met.").

Here, Mr. Coon's motion does not seek a modification of the conditions of supervised release that is authorized by Section 3583(e)(2) or Rule 32.1(c). Instead, the motion seeks to "vacate (terminate) [Mr. Coon's] supervised release term as being unconstitutional, in violation of double jeopardy." (ECF No. 30 at 7.) Because Mr. Coon's challenge is to the legality of his sentence to supervised release, his motion may only be considered pursuant to Section 2255.

Accordingly, the court issued a notice, on March 14, 2023, that it intended to recharacterize Mr. Coon's motion as a motion to vacate his sentence to supervised release pursuant to Section 2255. (ECF No. 37.) The notice gave Mr. Coon an opportunity to withdraw his motion, if he did not wish the court to recharacterize the motion as one brought pursuant to Section 2255 or file an amended motion if he intended additional grounds for relief under Section 2255 to be considered. (*Id*. at 3.) Mr. Coon did not respond to the court's notice and the court, therefore, now recharacterizes Mr. Coon's motion as a motion to vacate pursuant to Section 2255(a).

Section 2255(a) permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." To have such a motion considered on its

merits, however, a petitioner must generally file the motion within the one-year statute of limitations set forth in Section 2255(f).

The one-year limitations period for a Section 2255 motion begins to run "from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f)(1)-(4).

Mr. Coon's motion does not claim that he was impeded in bringing his motion by any illegal or unconstitutional governmental action. Nor does it cite any new facts or a new right recognized, and made retroactive, by the Supreme Court. Accordingly, the statute of limitations applicable to Mr. Coon's motion is the one found in Section 2255(f)(1), which requires that such motions be filed within one year of "the date on which the judgment of conviction becomes final."

Mr. Coon's sentence was recorded in a judgment issued on November 19, 2019. (ECF No. 27.) Accordingly, Mr. Coon's motion seeking to vacate his sentence to supervised release, which was not filed until December 5, 2022, (ECF No. 30), was untimely under Section 2255(f)(1). The

motion is, therefore, dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Having dismissed Mr. Coon's motion, Rule 11(a) of the Rules Governing Section 2255 Proceedings requires that the court "issue or deny a certificate of appealability." The court may only issue a certificate of appealability if it concludes that Mr. Coon has "made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2). Mr. Coon has not made such a showing; therefore, the court must deny a certificate of appealability.

When a "court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. The time for filing an appeal is governed by Rule 4(a) of the Federal Rules of Appellate Procedure. *See* Rule 11(b) of the Rules Governing Section 2255 Proceedings.

## **CONCLUSION**

For the reasons stated herein, the court DISMISSES Mr. Coon's motion to modify or terminate supervised release (ECF No. 30) and DENIES a certificate of appealability.

ENTERED this 10th day of May, 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Judge